# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

JANE DOE,

    Plaintiff,

v.

PIERCE COUNTY, GEORGIA; HOLDEN BRANT; individually and in his official capacity; RAMSEY BENNETT, individually and in his official capacity; DAVID O'NEAL, individually and in his official capacity; and JOHN DOES 1-10, individually and in their official capacities,

    Defendants.

No. 5:19-cv-0005

### ORDER

Before the Court are Defendants Pierce County, Georgia's, Ramsey Bennett's, and David O'Neal's Motion to Dismiss, dkt. no. 9, and Defendant Holden Brant's Motion to Dismiss, dkt. no. 14. While these motions have been fully briefed and are ripe for review, the Court determines, after reviewing Plaintiff Jane Doe's Complaint, dkt. no. 1, that the Complaint is an improper shotgun pleading, and therefore, under its own inherent authority to control the court docket and ensure prompt resolution of lawsuits, the Court **DENIES** Defendants' Motions, dkt. nos. 9, 14, at this time. Plaintiff shall have **LEAVE TO AMEND** her Complaint within

**FOURTEEN (14) DAYS** from the date of this Order. If Plaintiff chooses to file an amended complaint, she must do so in **ACCORDANCE WITH THIS ORDER.**

## BACKGROUND

In this case, an unnamed Plaintiff, Jane Doe, filed claims against the Defendants for harm that she allegedly experienced while incarcerated at the Pierce County Jail. Specifically, Plaintiff alleges that while she was incarcerated at the Pierce County Jail on or about June 16, 2018, Defendant Holden Brant—a jailor who worked at the jail—forced Plaintiff to expose parts of her naked body so that he could photograph her for his own gratification and then returned a few days later to Plaintiff's cell at which time he committed rape, sexual battery, assault, and sexual harassment upon Plaintiff all without Plaintiff's consent. Dkt. No. 1 ¶¶ 10-12. Plaintiff then alleges that she was released from the jail a few days later, on or about June 19, 2018, and went to a women's shelter where she was given a "morning after pill" because she feared that she had become pregnant as a result of Brant's unwanted sexual contact. Id. ¶¶ 15-16. She alleges that an employee of the shelter notified the Police Chief for the City of Blackshear that Plaintiff claimed that she had been sexually assaulted by a guard while incarcerated in the Pierce County jail. Id. ¶ 17.

AO 72A
(Rev. 8/82)

The Complaint alleges that this information about the sexual assault on Plaintiff was relayed to Defendant Ramsey Bennett, the Pierce County Sheriff, and Defendant David O'Neal, the jail administrator for Pierce County. Id. ¶¶ 18-21. Plaintiff alleges that neither Bennett nor O'Neal took any action upon hearing this news. Id. ¶ 22. Then, on or about July 17, 2018, Plaintiff was arrested again and placed in the Pierce County jail where she was again sexually assaulted by Brant. Id. ¶¶ 23, 25. After this second assault, Brant was either caught, or he raised suspicions of another guard, which resulted in an investigation being opened and Brant being fired and charged with two felony counts of sexual assault upon an inmate by a law enforcement officer. Id. ¶¶ 26-28.

In her Complaint, filed on January 18, 2019, Plaintiff alleges causes of action of assault, battery, and negligence (Count I) against Brant, and claims of "Negligence/Malicious Breach of Discretionary Duties" (Count II), violations of the Eighth Amendment (Count III), and violations of the Fourteenth Amendment (Count IV) against Pierce County, Brant, Bennett, and O'Neal. Dkt. No. 1. On February 15, 2019, Defendants Pierce County, Bennett, and O'Neal filed their Motion to Dismiss. Dkt. No. 9. On February 28, 2019, Defendant Brant filed his Motion to Dismiss. Dkt. No. 14.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that in order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) provides that

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. For this reason, "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings" as they "waste scarce judicial resources, 'inexorably broaden[ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'" Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted).

AO 72A
(Rev. 8/82)

The Eleventh Circuit has described four main types or categories of shotgun pleadings. The first type is a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland, 792 F.3d at 1321. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third is "one that commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1323. Finally, the fourth type is a complaint that alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Furthermore, the Eleventh Circuit has explained that "[a] district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe, 878 F.3d at 1295 (citation omitted). The Eleventh Circuit has recently clarified that in exercising this inherent authority, "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing

his case with prejudice on non-merits shotgun pleading grounds." Id. at 1296. In so doing, "the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Id.

**DISCUSSION**

In this case, the Court, after reviewing Plaintiff's Complaint, finds that the Complaint is a shotgun pleading, and as such, the Court does not reach the merits of Defendants' challenges to the Complaint in their Motions to Dismiss. In this case, Plaintiff's Complaint falls into three categories of shotgun pleadings: it realleges and incorporates all preceding allegations in each count, it sets forth multiple causes of action under single counts, and it fails to identify which claims are brought against which Defendant.

First, every single one of Plaintiff's separate "counts" begins by stating "Plaintiff re-alleges and incorporates all of the preceding allegations as if set forth herein." Dkt. No. 1 ¶¶ 34, 38, 48, 53, 61, 64. This falls into the first type of shotgun pleading. Now, incorporating preceding paragraphs is not always frowned upon in a complaint, such as where a complaint incorporates certain factual allegations listed in a fact section into the separate counts. But, what the Eleventh Circuit forbids is a complaint where "[t]he allegations of each count are . . .

6

rolled into every successive count on down the line." Weiland, 792 at 1324.

That is exactly what Plaintiff's Complaint does here. It is not just the factual allegations laid out in the section labeled "Factual Allegations" that are incorporated into each count; rather, Plaintiff attempts to incorporate the allegations under each specific count into later counts. This is shown by the fact that Defendant Brant argues in his Motion to Dismiss that Count III for violations of the Eighth Amendment contains no allegations against Brant, which is true. Dkt. No. 14 at 8-9. In response, Plaintiff states that Brant's contention is "simply false, as Plaintiff continually lists all claims made against every Defendant in this case" and cites to paragraphs 34-37 of the Complaint, which are allegations against Brant of Assault and Battery under Count I. In other words, Plaintiff is relying on specific allegations listed in previous counts to be rolled into successive counts. Not only does this strategy lead to a situation "where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions," but it also confuses Defendants as to which facts and claims are being alleged against which Defendants, as demonstrated by the dispute over the Eighth Amendment claim discussed above. Such a strategy is the "cardinal sin" of shotgun pleading. Weissman v. Nat'l Ass'n of

Sec. Dealers, Inc., 500 F.3d 1293, 1311 (11th Cir.2007) (en banc) (Tjoflat, J., dissenting).

Second, Plaintiff's Complaint sets forth multiple causes of action or claims for relief under single counts. Bickerstaff Clay Prods. Co. v. Harris Cnty., 89 F.3d 1481, 1485 n.4 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief.") Count I includes causes of action for assault, battery, and negligence.[1] Count II is labeled "Negligence/Malicious Breach of Discretionary Duties." Within this Count—presumably to attempt to avoid dismissal on Georgia official immunity grounds—Plaintiff alleges that Defendants breached ministerial duties or in the alternative maliciously breached discretionary duties. Plaintiff lists out multiple different types of duties that were allegedly breached and also includes allegations of negligent hiring and supervision, negligent implementation of policies, and vicarious liability. Count IV is labeled "42 U.S.C. § 1983 - Violation of Plaintiff's Fourteenth Amendment Rights Under the United State [sic] Constitution." This Count includes claims for not protecting inmates "which shows a reckless disregard of proper law enforcement procedures which shocks the conscience," deliberate indifference, and supervisory and/or municipal liability for policies or customs

---

[1] The Court also notes for the record that despite Count I's label, it does not mention any allegation or element of negligence. Dkt. No. 1 ¶¶ 35-37.

that violated the Plaintiff's constitutional rights. These poorly organized counts make it difficult for Defendants to be on notice of what specific causes of action are being pursued against them with respect to which count in the Complaint.

Finally, Plaintiff's Complaint fails to identify which Defendants are being sued with respect to which claims. While it is true that Plaintiff lists at the top of each count which Defendants that count is being alleged against, in the body of each count, Plaintiff fails to describe to what extent or how that count is being alleged against certain Defendants. The clearest example is Defendant Brant. While Count I is only against him, Counts II, III, and IV are against all four Defendants. In Counts II, III, and IV, Plaintiff alleges violations such as Defendants being on notice of Brant's danger to female inmates, failing to train or supervise, negligence in hiring or training Brant, and other supervisory-like claims. The problem with these allegations is that it is unclear if they are all alleged against each of the four Defendants, as the title to each Count says, or if they are only against certain Defendants in different respects. For instance, Plaintiff cannot allege that Brant failed to supervise himself, but based on the wording and organization of the Complaint, that is exactly the type of allegation that the Complaint presents. This organization and failure to specify which

claims are alleged against which Defendants magnifies the notice problems discussed thus far.

For these reasons, the Court finds that Plaintiff's Complaint is a shotgun pleading. As such, Plaintiff must be given one chance to amend her Complaint to remedy these issues in accordance with this Order.

The Court will also discuss one other issue relevant to Plaintiff's Complaint at this juncture. Plaintiff is unnamed as "Jane Doe" as the case currently stands. While the Eleventh Circuit has recognized that parties can proceed anonymously in certain rare cases and has established factors for determining when such anonymity should be allowed, the proper procedure in this Circuit is for a party to file a motion for leave to proceed anonymously. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001) ("[C]ourts have carved out a limited number of exceptions to the general requirement of disclosure, which permit plaintiffs to proceed anonymously . . . where the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." (citations omitted)); see Freedom From Religion Found., Inc. v. Emanuel Cty. Sch. Sys., 109 F. Supp. 3d 1353, 1356-57 (S.D. Ga. 2015) (ruling on plaintiff's motion for leave to proceed anonymously); United States ex rel. Locklear v. Medixx Transp., LLC, No. CV617-139, 2018 WL 3419272, at *1 (S.D.

10

Ga. July 13, 2018) (ruling on party's motion to maintain seal); Doe v. Swearingen, No. 18-24145-CIV, 2019 WL 95548, at *2 (S.D. Fla. Jan. 3, 2019) (ruling on plaintiff's motion to proceed anonymously); Doe v. Family Dollar Stores, Inc., No. 1:07-CV-1262-TWT-CCH, 2007 WL 9706836, at *4 (N.D. Ga. Oct. 17, 2007) (ruling on plaintiff's motion to seal and proceed anonymously). Merely deciding to proceed anonymously without first seeking leave of the Court violates Federal Rule of Civil Procedure 10(a), which requires that the title of the complaint "name all the parties" or Federal Rule of Civil Procedure 17(a), which provides that "[a]n action must be prosecuted in the name of the real party in interest."[2] Therefore, if Plaintiff decides to file an amended complaint after this Order, it must either include the Plaintiff's name or file, along with the amended complaint, a motion for leave to proceed anonymously.

## CONCLUSION

For these reasons, Defendants' Motions to Dismiss, dkt. nos. 9, 14, are **DENIED** at this time. Plaintiff shall have **LEAVE TO AMEND** the Complaint, dkt. no. 1, within **FOURTEEN (14) DAYS** from the date of this Order. If Plaintiff decides to file an amended complaint, she must do so in **ACCORDANCE WITH THIS ORDER.**

---

[2] The Court also notes that "failing to bring an action in the name of the real party in interest" or otherwise filing a complaint anonymously, "does not immediately and automatically divest a district court of jurisdiction." Doe v. Barrow Cty., 219 F.R.D. 189, 192 (N.D. Ga. 2003).

AO 72A
(Rev. 8/82)

**SO ORDERED**, this 1st day of May, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)